IRVING, J., for the Court.
¶ 1. The Madison County Chancery Court awarded Philip T. Meredith, M.D., attorney’s fees against H.L. Meredith Jr. (Sonny) in the amount of $18,764 for the filing of a frivolous lawsuit. Aggrieved, Sonny appeals and contends that the court erred in granting the award.
¶ 2. Finding error, we reverse and render the court’s judgment.
FACTS
¶ 3. Sonny and his son, Philip, have been involved in a series of lawsuits, one of which is at issue before us.[1] On February 21, 2006, Sonny filed suit against Philip, seeking to cancel and set aside a deed from Sonny to Philip. After negotiations, Sonny and Philip settled their dispute on May 31, 2006, and entered into an escrow agreement on June 1, 2006. Philip requested attorney’s fees during the negotiations, but Sonny refused. The settlement that was ultimately reached did not include attorney’s fees or make any reservation regarding attorney’s fees. Thereafter, Philip filed a motion in the Madison County Chancery Court for attorney’s fees, costs, and injunctive relief. The chancellor declined to grant injunctive relief; however, he awarded attorney’s fees and costs to Philip in the amount of $18,764.
¶ 4. Additional facts will be related as necessary during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. We agree with Philip and the chancellor that Sonny’s original complaint was frivolous and wholly without merit. Sonny sought to set aside a transfer of property that he had made to Philip on December 16,1998. Sonny contended that Philip was required to build a house on the land but had not done so. However, the deed in question mentions nothing about any requirement to build a house. The only evidence that such a condition existed is a letter that Sonny allegedly wrote to Philip on August 29, 1994, wherein he stated that he was going to purchase the property in question “only if ... you plan to build your residence on it within a few years.... ” However, the letter introduced by Sonny contains no signatures or other acknowledgment by Philip. Therefore, the letter is insufficient to meet the standards of the statute of frauds.[2] Sonny has not produced any other document that complies with the requirements of the statute of frauds. As such, his lawsuit against Philip was frivolous and without merit. Were there no settlement in this case, the chancellor would have been correct in awarding Philip attorney’s fees and costs.
*365 ¶ 6. However, the parties reached a settlement in this case. Philip has neither contested the validity of that settlement nor sought to have it withdrawn. The evidence is also uncontested that Philip sought attorney’s fees as part of the settlement, but Sonny refused. The consent judgment that was signed by both Philip and Sonny provided: “That all costs herein have been paid and no additional cost to the parties shall be assessed.” This Court understands that the consent judgment was never entered by the chancery court because Philip complied with Sonny’s requests. However, the consent judgment represents the terms of the parties’ settlement agreement. There is no doubt that the parties settled, as Philip’s attorney informed the chancery court of this during the hearing on the motion for sanctions. Philip’s attorney also candidly admitted that attorney’s fees and costs had been discussed during negotiations but that Sonny had refused to pay them.
¶ 7. We review a decision to award or deny attorney’s fees under an abuse of discretion standard. Wilson v. Greyhound Bus Lines, 830 So.2d 1151, 1158(1118) (Miss.2002); City of Madison v. Bryan, 763 So.2d 162, 167(¶ 26) (Miss.2000).
¶ 8. Nothing in the record suggests that Philip reserved the issue of attorney’s fees for determination by the court. In fact, after requesting attorney’s fees from Sonny, Philip did nothing further to recoup his expenses until Sonny filed another lawsuit against him. It is clear that the parties intended to settle the dispute between them. It is equally clear that Philip attempted to receive his attorney’s fees and costs as part of that settlement. The documents created for the settlement were the escrow agreement, the consent judgment, and an agreed dismissal order that had not been filed as of the time of the hearing on the motion for sanctions. If Philip wished to preserve the issue of attorney’s fees, some document related to the settlement would have to show a reservation of the issue.
¶ 9. Clearly, when Philip came to an arrangement with Sonny and signed the escrow agreement, he relinquished his claim to attorney’s fees, because he did not reserve the issue for resolution by the court. In fact, Philip’s attorney said as much during the hearing on the motion for fees:
Our last point, and I realize that, you know, the request that we’re asking for is not something that is common place [sic]. And we explained that to [Philip] after the real estate transaction closed. We prevailed upon him and, actually, he prevailed upon himself to try to put this behind him, to turn the other cheek and not pursue attorney’s fees and expenses at that point in time.
All of that, that sentiment came to a screeching halt six days after this real estate action closed and a process server showed up at his house at 8:30 to 9:00 at night and served him with a third lawsuit. ...
* * * * * *
Now, that brings us — and after Philip was served with the summons and complaint ... he came to us and, [sic] I’ve got to have some relief from this, we’ve got to put an end to this, you know, I’m tired of being harassed, my family is being harassed, we want this to stop. Which brings us to the point of our motion. The first is for our attorney’s fees and expenses ... under Rule 11 and the Mississippi Litigation Accountability Act.
* * * * * *
The second part that falls under our request for sanctions is we’ve got a fairly clear pattern of lawsuits being filed, *366 one after the other. And by the time Merideth III was filed, and Philip was served with that six days after the conclusion of the sale, that, in our mind [sic], we had no doubt that this was just filed as part and parcel of a continuing pattern of harassment. So for that reason, that is why we’re seeking attorney’s fees and expenses in this case.
(Emphasis added). Philip’s attorney’s statement to the court makes it clear that Philip had abandoned the notion of attorney’s fees at the time of the settlement and decided to renew his attempts only after the filing of the third lawsuit against him. However, the filing of the third lawsuit did not somehow act to retroactively reserve the issue of attorney’s fees.
¶ 10. The chancellor erred in finding that the issue of attorney’s fees was still viable after the parties negotiated and came to an agreement that did not include attorney’s fees or reserve the issue of attorney’s fees. Accordingly, we reverse and render the chancellor’s award of sanctions in the form of attorney’s fees and costs.
¶ 11. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE AND MYERS, P.JJ., BARNES AND ISHEE, JJ., CONCUR. KING, C.J., CHANDLER, GRIFFIS, ROBERTS AND CARLTON, JJ., NOT PARTICIPATING.

. The other lawsuits concern this case only inasmuch as they are part of the reason for the dispute before us. The suit at issue here is the second between the parties; Philip filed his motion for attorney’s fees only after Sonny filed of a third lawsuit against him.

. Mississippi Code Annotated section 15-3-1 (Rev.2003) provides, in pertinent part: An action shall not be brought whereby to charge a defendant or other party: ... (c) upon any contract for the sale of lands ... unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or signed by some person by him or her thereunto lawfully authorized in writing.